# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RISHAM TARIQ     )
MUHAMMAD WAQAR   )
689 A-One Sector Township  )
Lahore, Punjab, Pakistan 54770 )
           )
 Plaintiffs       )
           )
   v.       )
           ) Case No. 1:20-CV-708
MICHAEL POMPEO    )
Secretary of State     )
U.S. Department of State   )
2201 C Street NW     )
Washington, DC 20520   )
           )
CHAD WOLFE      )
Acting Secretary      )
U.S. Department of Homeland Security )
Mail Stop 3650      )
Washington, DC 20528   )
           ) JURY TRIAL DEMAND
CHRISTOPHER WRAY   )
Director of the Federal Bureau of Investigation )
Federal Bureau of Investigation  )
935 Pennsylvania Avenue N.W  )
Washington, D.C. 20535   )
           )
CARL RISCH      )
Assistant Secretary     )
Bureau of Consular Affairs   )
U.S. Department of State   )
2201 C St. NW      )
Washington DC 20520    )
           )
PAUL W. JONES     )
Chargé d'Affaires     )
US Consulate General, Islamabad  )
U.S. Department of State   )
2201 C St. NW      )
Washington, DC 20520   )
           )
 Defendants      )

## PETITION FOR A WRIT IN THE NATURE OF MANDAMUS

COME NOW Plaintiffs, RISHAM TARIQ (hereinafter "Plaintiff Tariq") and MUHAMMAD WAQAR (hereinafter "Plaintiff Waqar") by and through their attorney Hassan Ahmad, Esq., in the above-captioned matter, and for causes of action would show unto the Court the following:

1. This action is brought for a hearing to decide Plaintiff Waqar's immigrant visa due to Defendants' failure to adjudicate the application for almost three years after submission in violation of  5 U.S.C. §555(b).

2. This action is brought as a writ in the nature of mandamus to compel Defendants' adjudication of Plaintiff Waqar's immigrant visa pursuant to the Administrative Procedures Act, 5 U.S.C. §701 et seq., in that Defendants are unlawfully withholding or unreasonably delaying action on Plaintiff Waqar's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

3. This action is brought to enjoin Defendants from violating Plaintiffs' constitutional rights. The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of life, liberty or property without due process of law, and the Equal Protection Clause of the Fourteenth Amendment requires the government to adjudicate Plaintiffs' application as compared to other similarly situated applicants.

### PARTIES

1. Plaintiff Risham Tariq is a citizen of the United States. (**Exhibit  1: I-130 Application**).

2. Plaintiff Muhammad Waqar is a citizen of Pakistan and resides in that country.

3. Defendant Mike Pompeo, Secretary of State, is the highest ranking official within the DOS. Pompeo is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable

federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA"). Pompeo is sued in his official capacity as an agent of the government of the United States.

4. Defendant Mark Koumans is the purported Acting Director of the United States Citizenship & Immigration Services ("USCIS"), an agency within the DHS to whom the Secretary's authority has in part been delegated, is subject to the DHS Secretary's supervision, and is an official generally charged with the overall administration of immigration benefits and services. 8 C.F.R. §100.2(a).

5. Defendant Christopher Wray, Director of the FBI, is the highest ranking official within the FBI. Wray is sued in his official capacity as an agent of the government of the United States.

6. Defendant Carl Risch is the Assistant Secretary of the US Bureau of Consular Affairs, a subagency of the US Department of State. As the senior official of the Bureau, he is responsible for the welfare and protection of U.S. citizens abroad, for the issuance of passports and other documentation to citizens and nationals, and for the protection of U.S. border security and the facilitation of legitimate travel to the United States. Plaintiffs' applications are pending under his jurisdiction. He is sued in his official capacity.

7. Defendant Paul W. Jones is the Chargé d'Affaires of the US Consulate General in Islamabad, Pakistan, and heads the embassy responsible for adjudication of Plaintiff Waqar's immigrant visa application. He is sued in his official capacity.

## JURISDICTION

8. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq,. In addition, jurisdiction is proper in accordance with the Mandamus Act, 28 USC § 1361. Relief is requested pursuant to said statutes and law.

## VENUE

9. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1391(e)(1) because: (1) this District is where a substantial portion of the events and omissions giving rise to the claims stated herein occurred, and (2) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority in this Federal District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

10. Plaintiff Muhammad is seeking permanent residency in the United States. Plaintiff Tariq is the immigrant visa petitioner for Muhammad's immigrant visa application. **(Exhibit A – I-130 Application).**

11. Plaintiffs filed an I-130 Application with Defendant USCIS on or about May 9, 2016. Plaintiff Tariq sought to cancel the I-130 application at one point, but changed her mind and reinstated it. **(Exhibit B – Request to Waive Visa Withdrawal)**

12. The application was reinstated; Plaintiffs filed an online DS-260 on August 10, and by August 21, 2018 Plaintiffs had filed all necessary documents with the National Visa Center. **(Exhibit C – CEAC Confirmation; Exhibit D – Documentary Qualification Notice)**

13. Plaintiff Waqar was interviewed on October 4, 2018, by USCIS at the United States Embassy in Islamabad, Pakistan regarding the I-130 Application. **(Exhibit E – Immigrant Visa Interview Appointment)**.

14. Plaintiff Tariq was informed that the case was "refused under INA Section 221(g) for administrative processing" on October 16, 2018. **(Exhibit F – Email from U.S. Embassy, Islamabad)**

15. Plaintiffs have yet to receive a meaningful response from USCIS regarding their Application in the nearly three years since the submission of the I-130.

16. On or about October 31, 2019, Plaintiff Tariq and her mother sought assistance from Congressman Gerry Connolly's office in processing the visa; Congressman Connolly's office

was told that the visa was still in administrative processing, with no further information provided. (**Exhibit G – Request for Assistance**)

17. Plaintiffs' visa application has been unadjudicated.  As a result, Plaintiff Muhammad has not been able to move forward in his path towards residency since the filing of the I-130 Application in 2016, three years ago.

18. Plaintiffs have been in contact with the Consular Section to attempt to resolve the delay, but have been unsuccessful, necessitating this complaint for a writ in the nature of mandamus.

## FIRST CLAIM FOR RELIEF

### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For their first claim for relief against all Defendants, Plaintiffs Risham Tariq and Muhammad Waqar allege and state as follows:

19. Plaintiffs reallege and incorporate by reference paragraphs one through 17 as though fully set out herein.

20. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  Section 555(b) creates a non-discretionary duty to conclude agency matters.  *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991).  A violation of this duty is a sufficient basis for mandamus relief.

21. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

22. As explained further *infra,* Defendants, in violation of 5 U.S.C. §701 *et seq*, are unlawfully withholding or unreasonably delaying action on Plaintiff Waqar's immigrant visa, and they have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

23. There is no reason such extended review should require three years of USCIS investigation.

24. The DOS regularly works with the DHS when carrying out background and security investigations that are delayed by administrative processing.

25. Upon information and belief, Plaintiffs allege that the DOS is and has been complicit in the delay in processing Plaintiffs' immigrant visa application.

26. Plaintiffs allege that their application has been in administrative processing beyond a reasonable time period for completing their application review.

27. The combined delay and failure to act on Plaintiffs' application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

28. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

## SECOND CLAIM FOR RELIEF

### (Violation of Right to Due Process of Law)

For their second claim for relief against all Defendants, Plaintiffs Risham Tariq and Muhammad Waqar allege and state as follows:

29. Plaintiffs reallege and incorporate by reference paragraphs one through 27 as though fully set out herein.

30. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution.  Plaintiffs may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

31. The Administrative Procedure Act ("APA") requires that "[w]ith due regard for the convenience and necessity for the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). In addition, § 706 of the APA "allows a court to 'compel agency action unlawfully withheld or unreasonably delayed.'" *Afghan and Iraqi Allies under Serious Threat Because of their Faithful Service to the United*

*States v. Pompeo*, 2019 WL 367841 1, 10 (D.D.C. 2019); *Geneme v. Holder*, 935 F.Supp. 2D 184, 192 (D.D.C. 2013). A violation of this duty is sufficient basis for mandamus relief.

32. The D.C. Court of Appeals has also recognized that unreasonable delay is subject to a six-factor analysis to determine whether a delay is reasonable. *Telecommunications Research and Action Center v. FCC*, 750 F.2d 70, 80 (D.C. App. 1984). This process recognizes that "delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake," and that "the time agencies take to make decisions must be governed by a 'rule of reason.'" *Id.* Here, there has been no explanation offered whatsoever, no reason articulated for this process. And "complexity alone does not justify extensive delay." *Afghan and Iraqi Allies under Serious Threat Because of their Faithful Service to the United States v. Pompeo.*

33. Plaintiffs have been deprived of the substantial and unique benefits stemming from a positive adjudication of their immigrant visa application, including a pathway to permanent residency and citizenship for Plaintiff Waqar, protection of the laws of the United States; and Plaintiff Waqar's eventual political rights, including the right to vote, to the right to freely enter and remain in the United States; freedom of movement and travel; the right to obtain a United States passport and the protection of the United States government when outside the United States.

34. Plaintiffs have suffered irrevocable damage due to the combined delay and failure to act of Defendants.

### EXHAUSTION OF REMEDIES

35. Plaintiffs have exhausted their administrative remedies through multiple methods, including repeatedly requesting the processing of their case with multiple State Department representatives and seeking Congressional assistance with the status of their case.

### PRAYER

WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully requests that the Defendants be cited to appear herein and that, upon due consideration, the Court:

1. Assume jurisdiction over this action;

2. Issue a writ of mandamus compelling Defendants to promptly complete all administrative processing within sixty days;  and

3. Take jurisdiction of this matter and adjudicate Plaintiff Waqar's immigrant visa pursuant to this Court's declaratory judgment authority;

4. Issue a writ of mandamus compelling Defendants to issue an immigrant visa to Plaintiff Waqar;

5. Issue a writ of mandamus compelling Defendants to explain to Plaintiffs the cause and nature of the delay and inform Plaintiffs of any action they may take to accelerate processing of the visa application;

6. Order that Plaintiffs receive a trial by jury on the instant case, and

7. Grant an award of damages to be determined, and

8. Grant an award of reasonable attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, and

9. Award any such other and further relief at law and in equity as justice may require.

This 12th day of March, 2020.

Respectfully Submitted,

THE HMA LAW FIRM, PLLC

/s/

_____
BY:    Hassan Ahmad, Esq. (DDC: MD16049)
THE HMA LAW FIRM, PLLC
8133 Leesburg Pike, Suite 801
Vienna, VA 22182
Tel: (703) 964-0245
Fax: (703) 997-8556
hma@hmalegal.com
Attorney for Plaintiffs